IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **TIFFANY DOMINO,** | § § § | |
| *Plaintiff,* | § § | CIVIL ACTION NO. 4:26-CV-1860 |
| v. | § § | **Removed from the District Court of** |
| **HOUSTON INDEPENDENT SCHOOL DISTRICT,** | § § § | **Harris County, Texas, 110th Judicial District, Cause No. 2026-07402** |
| *Defendant.* | § § | |

# EXHIBIT B

(Pleadings asserting causes of action, *e.g.,* petitions, counterclaims, cross-actions, third-party actions, interventions and all answers to such pleadings)

1. Plaintiff's Original Petition

2. Defendant's Answer to Plaintiff's Original Petition

2/3/2026 3:11 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 110805176
By: Kerrylone Asberry
Filed: 2/3/2026 3:11 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **TIFFANY DOMINO** | § | IN THE DISTRICT COURT |
| **Plaintiff,** | § | |
| v. | § | \_\_\_JUDICIAL DISTRICT |
| **HOUSTON INDEPENDENT SCHOOL DISTRICT** | § | |
| **Defendant.** | § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Tiffany Domino complains of Houston Independent School District and would respectfully show this Honorable Court as follows:

### I. Parties

1. Plaintiff Tiffany Domino (hereinafter "Plaintiff") is a citizen of the United States and a resident of Harris County, Texas.

2. Defendant Houston Independent School District, ("Defendant") is a government entity located in Harris County, Texas.

3. Defendant may be served with process and a copy of Plaintiff's Original Petition through its acting Superintendent Mike Miles at 4400 West 18th Street, Houston, TX 77092.

### II. Jurisdiction & Venue

4. This Court has jurisdiction of this action as this case arises under Chapter 21 of the Texas Labor Code. The amount in controversy is within the jurisdictional limits of this Honorable Court as Plaintiff seeks monetary relief of over $1,000,000.00.

5. Venue is proper in Harris County, Texas, in that all or substantial part of the events or

1

omissions giving rise to the claim occurred in Harris County, Texas. Thus, venue is proper. *See* TEX. CIV. PRAC. & REM. CODE § 15.002.

### III. Exhaustion of Administrative Procedures

6. All conditions precedents to jurisdiction have occurred with a dual filing of a complaint with Texas Workforce Commission – Civil Rights & Discrimination Department and Plaintiff's receipt of Texas Workforce Commission – Civil Rights & Discrimination Department's issuance of a right to sue letter.

### IV. Facts and General Allegations

7. Plaintiff worked for Defendant as a Teachers Assistant from October 2017 to December 18, 2024. She was assigned to work at Frank Black Middle School. During that time period, Plaintiff always received positive evaluations.

8. Unfortunately for Plaintiff, she suffers from a mental condition(s). This condition(s) would cause her to miss work periodically.

9. On October 17, 2024, Plaintiff had a meeting with Defendant's School Principal. Plaintiff informed the Principal about her condition(s). During this meeting the Principal encouraged Plaintiff to seek approval for FMLA leave as it would be protected leave. That is, Defendant's Attendance Policy would exclude any absence under any form of protected leave, such as FMLA leave, when calculating if an employee is violating the Attendance Policy.

10. At the meeting Plaintiff was not warned that if she misses one more day, for any reason, she would be disciplined. She was not warned but encouraged to seek approval for FMLA leave.

11. Following the meeting, Plaintiff was approved FMLA from the end of October 2024 to November 13, 2024, on an intermediate basis (as needed). During this time period Plaintiff used one (1) day of FMLA. As a result, Defendant terminated Plaintiff for violating the Attendance

2

Certified Document Number: 124927790 - Page 2 of 6

Policy.

12. Defendant discriminated against Plaintiff due to her disability (or perceived disability).

13. Defendant retaliated against Plaintiff for participating in a protected activity, requesting and using protected leave.

### V. Chapter 21 of the Texas Labor Code - Disability Discrimination and Retaliation

14. Plaintiff incorporates paragraphs 1 – 13.

15. Tex. Lab. Code § 21.051 states:

> An employer commits an unlawful employment practice if because of… disability…the employer:
>
> (1) fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment; or
>
> (2) limits, segregates, or classifies an employee or applicant for employment in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any other manner the status of an employee.

16. Instead of following its Attendance Policy Defendant chose to discriminate against Plaintiff and rid itself of her and her disability (and/or perceived disability).

17. Defendant discriminated against Plaintiff due to her disability and/or perceived disability by terminating her employment.

18. Additionally, Defendant retaliated against Plaintiff for participating in a protected activity. Defendant retaliated against Plaintiff by terminating her for using protected leave that was outside of the Defendant's Attendance Policy. Pursuant to *Muldrow v. City of St. Louis, Missouri, 144 S.Ct. 967(2024),* Plaintiff was left worse off.

19. By retaliating against Plaintiff, Defendant violated her protected rights pursuant to Chapter 21 of the Texas Labor Code.

20. Defendant treated Plaintiff in a manner that deprived Plaintiff of an equal employment

Certified Document Number: 124927790 - Page 3 of 6

opportunity in violation of Chapter 21 of the Texas Labor Code.

21. Plaintiff alleges that Defendant discriminated against her on the basis of a disability (or perceived disability) and retaliated against Plaintiff with malice or with reckless indifference to the statutory protected rights of Plaintiff in violation of Chapter 21 of the Texas Labor Code.

## VI. Jury Demand

22. Plaintiff hereby requests a trial by jury.

## VII. Prayer

23. Wherefore, Plaintiff prays that Defendants be cited to appear and answer and that upon trial of this matter, Plaintiff be awarded the following:

    a. Compensatory damages;
    b. Past and future mental anguish;
    c. Past and future lost wages;
    d. Loss of 401K funds;
    e. Past and future actual damages;
    f. Past and future economic damages;
    g. Nominal damages;
    h. Attorney's fees;
    i. Expert's fees;
    j. Court costs;
    k. Pre-judgment interest at the highest rate allowed by law;
    l. Post-judgment interest at the highest rate allowed by law; and
    m. All other relief to which Plaintiff is entitled.

Certified Document Number: 124927790 - Page 4 of 6

Respectfully submitted,

By: /s/ *Charles P. Dunkel, Jr.*
      Charles P. Dunkel, Jr.
State Bar No. 24034427
      Ashley N. Thomson
State Bar No. 240979082600
South Shore Blvd, STE 300
League City, TX 77573
Telephone: 281.738.3448
Email: *cdunkel@tdunklaw.com*
Email: athomson@tdunklaw.com
**ATTORNEYS FOR PLAINTIFF**

Certified Document Number: 124927790 - Page 5 of 6

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Raven Keeler on behalf of Charles Dunkel
Bar No. 24034427
rkeeler@tdunklaw.com
Envelope ID: 110805176
Filing Code Description: Petition
Filing Description: Original Petition
Status as of 2/3/2026 3:21 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Ashley Thomson | | athomson@tdunklaw.com | 2/3/2026 3:11:13 PM | SENT |
| Raven Keeler | | rkeeler@tdunklaw.com | 2/3/2026 3:11:13 PM | SENT |
| Charles PDunkel | | cdunkel@tdunklaw.com | 2/3/2026 3:11:13 PM | SENT |



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   March 6, 2026


Certified Document Number:        124927790 Total Pages:  6

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

2/3/2026 3:11:13 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 110805176
By: ASBERRY, KERRYLONE L
Filed: 2/3/2026 3:11:13 PM



**Thomson Dunkel Law PLLC**
2600 South Shore Blvd., Suite 300
League City, Texas 77573
Phone: 281.738.3448 | 409.995.0449
thomsondunkellaw.com
Attorneys: Ashley N. Thomson & Charles P. Dunkel Jr.

February 3, 2026

## REQUEST FOR ISSUANCE OF CITATION

Re: Cause No.: _____, Tiffany Domino v Houston Independent School District; In the ___ Judicial District Court Harris County, Texas.

To the Honorable Clerk of said Court:

Please remit this request for the issuance of a citation in the above-referenced suit.

**Name(s) of Documents to be served:** Original Petition and Citation

**FILE DATE:** February 3, 2026

**SERVICE TO BE ISSUED ON:**
**Issue Service to**: Houston Independent School District
**Address of Service**: 4400 West 18th Street
**City, State & Zip**: Houston, Texas 77092
**Agent (if applicable)**: Superintendent Mike Miles

Service to be Issued:
1. Citation

Counsel for Plaintiff humbly requests that the Citation and certified Original Petition be emailed to counsel, or if email is not accepted - mailed to counsel:
Charles P. Dunkel, Jr.         Bar # or ID  24034427
Mailing Address: 2600 South Shore Blvd., Suite 300, League City, Texas 77573 – cdunkel@tdunklaw.com & rkeeler@tdunklaw.com
Phone Number: 281.738.3448

Sincerely,

Ashley N. Thomson

Thomson Dunkel Law PLLC



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   March 6, 2026

Certified Document Number:        124927791 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

CAUSE NO. 2026-07402

| | | |
|---|---|---|
| **TIFFANY DOMINO,** | § § § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § § | |
| v. | § § | **OF HARRIS COUNTY, TEXAS** |
| **HOUSTON INDEPENDENT SCHOOL DISTRICT,** | § § § § | |
| *Defendant.* | § | **110TH JUDICIAL DISTRICT** |

## DEFENDANT'S ORIGINAL ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES

Defendant Houston Independent School District ("HISD" or "Defendant") files this Original Answer, Defenses, and Affirmative Defenses to the Original Petition ("Petition") filed by Plaintiff Tiffany Domino ("Domino" or "Plaintiff") and, in support thereof, shows the Court as follows:

### I. GENERAL DENIAL

As authorized by Texas Rule of Civil Procedure 92, Defendant enters a general denial of the matters pled in Plaintiff's Petition and requests that the Court require Plaintiff to prove each of her charges, claims, and allegations by a preponderance of the evidence or clear and convincing evidence as required by the Constitution and the laws of the State of Texas.

### II. DEFENSES AND AFFIRMATIVE DEFENSES

Subject to and without waiving the foregoing, Defendant asserts the following defenses and affirmative defenses, which, individually and in combination, bar Plaintiff's right to recover, in whole or in part, the claims and damages alleged in the Petition:

1. Plaintiff fails to state a factually or legally cognizable claim in whole or in part upon which relief may be granted against Defendant.

2. Plaintiff fails to state facts sufficient to support an award of actual or compensatory damages.

3. Plaintiff's claims are barred, in whole or in part, to the extent they exceed the scope of, or are inconsistent with, the charge of discrimination Plaintiff filed with the Texas Workforce Commission ("TWC") and the Equal Employment Opportunity Commission ("EEOC").

4. Plaintiff's claims, in whole or in part, are barred by the applicable statutes of limitation.

5. Plaintiff's claims are barred due to failure to exhaust administrative remedies.

6. Plaintiff was an at-will employee whose employment could be terminated at any time, with or without notice, and with or without cause.

7. Defendant acted reasonably and in good faith with respect to Defendant's employment and did not intentionally, willfully, or recklessly commit any alleged violation of law.

8. Defendant acted in good faith and did not violate any rights owed to Plaintiff under Chapter 21 of the Texas Labor Code ("Chapter 21") or any other federal, state, or local statutes, common law, rules, regulations, guidelines, ordinances, or procedural rules.

9. The conduct about which Plaintiff complains was not motivated by Plaintiff's protected status nor by malice or a reckless indifference to any of her protected rights.

10. All decisions regarding Plaintiff's employment were based upon legitimate, non-discriminatory and non-retaliatory reasons. Alternatively, to the extent that Plaintiff establishes that her alleged disabilities or protected activity were motivating factors in any tangible employment action regarding her, the same actions and decisions would have occurred even in the absence of Plaintiff's protected characteristic or protected activity.

Certified Document Number: 125386101 - Page 2 of 7

11. Defendant has made good faith efforts to prevent discrimination and retaliation in the workplace and to comply with the law and all acts and/or omissions by Defendant affecting Plaintiff were taken in good faith with reasonable grounds for believing that they were in compliance with the law.

12. Plaintiff's claims are barred, in whole or in part, by the doctrine(s) and/or defense(s) of unclean hands, laches, waiver, estoppel, *res judicata*, claim preclusion, law of the case, acquiescence, consent, insufficient evidence of unlawful practice, statute or other periods of limitations, comparative negligence, contributory negligence, and/or negligent or intentional misrepresentation to the extent any of such doctrine(s) and/or defense(s) are applicable or that may become available or apparent during the course of discovery.

13. To the extent any of Defendant's employees took actions in violation of the Chapter 21, which Defendant denies, Defendant asserts that such actions were not willful.

14. Plaintiff's alleged damages are speculative, uncertain and hypothetical.

15. Plaintiff's alleged injuries, if any, were caused by an intervening, superseding event for which Defendant is in no way liable.

16. Plaintiff's claims for damages are subject to offset by interim earnings from alternative employment and payments from collateral sources, including employment that Plaintiff reasonably could or should have obtained with reasonable diligence, as well as any payments from collateral sources (such as workers' compensation, insurance, social security, unemployment, other employee governmental benefits, and the like).

17. To the extent that Plaintiff has failed to engage in reasonable efforts to mitigate her damages, if any, her claim for damages is barred accordingly.

3

Certified Document Number: 125386101 - Page 3 of 7

18. Any subsequent employment from which Plaintiff was terminated and/or resigned is a superseding cause that cuts off any entitlement to economic damages.

19. All damages claimed by Plaintiff are subject to all statutory, common law and constitutional damages caps, exclusions and limitations, and any other applicable state, federal or local law.

20. To the extent applicable, Plaintiff's claims and damages are barred or limited by the after-acquired evidence doctrine.

21. Plaintiff's claims are barred because Defendant took prompt and appropriate remedial action in response to complaints, if any, made by Plaintiff.

22. To the extent any of Defendant's employees took actions in violation of any law, which Defendant denies, Defendant did not direct, authorize or ratify their actions, and such actions were outside the course and scope of their employment with Defendant.

23. Plaintiff's alleged damages, if any, were not caused by Defendant. Rather they were caused by Plaintiff or third parties.

24. Plaintiff's Petition and each purported cause of action contained therein are barred to the extent they violate Defendant's due process rights under the United States Constitution or other applicable law, or otherwise violate any of its constitutionally-protected rights.

25. Defendant hereby gives notice that it may rely upon other applicable defenses and affirmative defenses as may become available or apparent during the course of discovery in this case. Defendant hereby reserves the right to amend this Answer; to add additional defenses or affirmative defenses; to delete or withdraw any of its defenses or affirmative defenses; to seek attorneys' fees and costs under any applicable law; and to add counterclaims as may become necessary after a reasonable opportunity for discovery.

Certified Document Number: 125386101 - Page 4 of 7

## III.     PRAYER

For these reasons, Defendant respectfully requests that Plaintiff takes nothing in this suit; that Plaintiff's claims be dismissed *with prejudice*; that all relief prayed for by Plaintiff be denied; and that the Court enter final judgment in favor of Defendant and against Plaintiff on all claims. Defendant further requests that this Court award Defendant its attorneys' fees, costs of court and litigation expenses incurred in connection with the defense of this matter as well as any other or additional relief as the Court deems just and equitable.

Respectfully submitted,

**Spencer Fane LLP**

*/s/ DeAndrea C. Washington*
DeAndrea C. Washington
Texas Bar No. 24070814
SPENCER FANE, LLP
3040 Post Oak Blvd., Suite 1400
Houston, Texas 77056
(713) 552-1234 [Telephone]
(713) 963-0859 [Facsimile]
dwashington@spencerfane.com [Email]

**ATTORNEYS FOR DEFENDANT**

Certified Document Number: 125386101 - Page 5 of 7

# CERTIFICATE OF SERVICE

      I hereby certify that the foregoing *Original Answer, Defenses, and Affirmative Defenses* with the Clerk of Court using the E-filing System on March 2, 2026, and served a true and correct copy of the filing on the following parties via the E-File System, as well as by electronic mail:

Charles P. Dunkel, Jr.
Ashley N. Thomson
South Shore Blvd., Suite 300
League City, Texas 77573
Email: cdunkel@tdunklaw.com
Email: athomson@tdunklaw.com

*Counsel for Plaintiff*

                                            */s/ DeAndrea C. Washington*
                                            DeAndrea C. Washington

Certified Document Number: 125386101 - Page 6 of 7

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Thalia Villagomez on behalf of DeAndrea Washington
Bar No. 24070814
tvillagomez@spencerfane.com
Envelope ID: 111861470
Filing Code Description: Answer/ Response / Waiver
Filing Description: Defendant's Original Answer
Status as of 3/2/2026 11:23 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Ashley Thomson | | athomson@tdunklaw.com | 3/2/2026 9:16:44 AM | SENT |
| Charles PDunkel | | cdunkel@tdunklaw.com | 3/2/2026 9:16:44 AM | SENT |
| Raven Keeler | | rkeeler@tdunklaw.com | 3/2/2026 9:16:44 AM | SENT |
| DeAndrea C.Washington | | dwashington@spencerfane.com | 3/2/2026 9:16:44 AM | SENT |



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   March 6, 2026


Certified Document Number:        125386101 Total Pages:  7

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**